IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALAN LYNN MCDONALD,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§<br>§ | No. 3:18-cv-00891-S (BT) |
| LORIE DAVIS-DIRECTOR TDCJ-CID,<br>Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Alan McDonald, a Texas prisoner, filed a *pro se* petition for a writ

of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting

civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b)

and a standing order of reference. For the following reasons, the petition should

be transferred to the Fifth Circuit Court of Appeals as successive.

I.

In 2001, Petitioner pleaded guilty to first-degree murder. *State of*

*Texas v. Alan Lynn McDonald*, No. F-00-46077-T (283rd Jud. Dist. Ct.,

Dallas County, Tex., May 2, 2001). The state trial court adjudicated him

guilty and sentenced him to sixty years in prison. The Fifth District Court of

Appeals subsequently affirmed his conviction and sentence, *McDonald v.*

*State*, No. 05-01-0851-CR, 2002 WL 1822440 (Tex. App. – Dallas Aug. 9,

1

2002, pet. ref'd), and the Texas Court of Criminal Appeals refused his petition for discretionary review.

Petitioner then filed a state habeas petition, *Ex parte McDonald*, No. 60,605-01, which the Court of Criminal Appeals denied without written order and without a hearing based on the findings of the trial court. Petitioner also filed a federal habeas petition under §2254. *McDonald v. Dretke*, No. 3:04-cv-2720-B (N.D. Tex.). The district court denied the petition on the merits. Later, the Fifth Circuit denied Petitioner's motion for a certificate of appealability. Petitioner filed four additional state habeas petitions. The Court of Criminal Appeals denied leave to file one of the petitions and dismissed the other three petitions as successive. *Ex parte McDonald*, Nos. 60,605-02, -03, -04, -05.

Petitioner has now filed this § 2254 petition, in which he argues the indictment was defective and thus deprived the trial court of jurisdiction. Respondent filed her answer, arguing the petition is successive and, therefore, the Court lacks jurisdiction to consider it. In reply, Petitioner filed a traverse and an addendum to his traverse.

## II.

"A petition is not second or successive merely because it follows an earlier federal application." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.

2003). It is successive when it either presents a challenge to the petitioner's conviction or sentence that could have been raised in an earlier petition, or when it is an "abuse of the writ." *Id.* at 836-38. To determine whether a petition is successive, the court must analyze whether the challenge presented in a second habeas petition occurred before the petitioner filed his first habeas petition. *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009).

Here, Petitioner could have raised his current challenge to the indictment in his previous § 2254 petition. The Court therefore finds this petition is successive.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed considering the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a

3

three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive petition. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

### III.

The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed April 30, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).